Bertram R. Gelfand, J.
In the instant proceeding the natural mother’s surrender of the infant to an authorized *1080 agency through the Department of Social Services was executed while she was a patient at Bronx State Hospital, a facility of the New York State Department of Mental Hygiene. At the time of the execution of the surrender, the natural mother was represented by counsel appointed by the Appellate Division to represent her as a respondent in a proceeding brought by the authorized agency in the Family Court pursuant to subdivision 7 of section 384 of the Social Services Law. The child was then in foster care with the agency. The Family Court proceeding became academic upon execution of the surrender by the natural mother.
After completion of the hearing in this proceeding the matter was held in abeyance pending the delivery of a further affidavit from the attorney representing the natural mother at the time of the surrender and the treating physician. The subsequent affidavit of the attorney for the natural mother indicates that the document surrendering the child to the Department of Social Services which subsequently assigned the child to the agency was executed under his supervision after his being satisfied as to his client’s legal competency to do so, the voluntary character of the surrender and that it was in the mother’s, as well as the infant’s, best interests. A further affidavit by the treating physician could not be supplied since he is no longer available. However, the court has examined the complete hospital record relating to both the in- and out-patient treatment of the natural mother. It appears that the mother, who is now 27 years of age, has been institutionalized or under out-patient care since August 29, 1969. Her condition is diagnosed as paranoid schizophrenia. The 'infant, who was born out of wedlock, was conceived during one of the out-patient periods of treatment. The record reflects an awareness by the natural mother of her surrender of all rights and interest in her child. This awareness appears in the record not only for the period prior and at the time of execution, but is reflected in the record relating to her treatment subsequent to the execution of the surrender on September 6, 1974.
It is well established that parties suffering from mental disease of sufficient gravity to require institutionalization may still be sufficiently lucid to transact their own affairs, including having sufficient testamentary capacity to make a will (Matter of Buttonow, 23 ,NY2d 385; Matter of Brody, NYLJ, April 3, 1974, p 20, col 3).
*1081 In the instant case, it appears that the natural mother had substantial periods of lucidity in which she completely understood her circumstances. The record reflects a clear understanding of the difficulties of raising her child in view of her condition and marital status and a desire to relieve herself of this responsibility while she coped with her other problems.
The court is satisfied that, at the time of the execution of the petition, the natural mother, represented by counsel, voluntarily surrendered any right to the infant and, accordingly, is not a party necessary to the instant proceeding. (Domestic Relations Law, § 111, subd 4.) The petition for adoption is granted.